IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE – IN ADMIRALTY

| | | |
|---|---|---|
| CARL CLARK and SUSAN CLARK | : | |
| | : | |
| (h/w) Plaintiffs, | : | Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| FRANCIS M. DEINER, | : | |
| FRANCIS METALS COMPANY, INC., | : | |
| M/V WINGLESS ANGEL, a thirty-five | : | |
| (35) foot, 2003 Henriques Yacht, bearing | : | |
| Official USCG Doc. No. 1267911 with | : | |
| Twin in-board diesel engines of 880 hp and | : | |
| her apparel, appurtenances, etc., *in rem*, | : | |
| | : | |
| Defendants. | : | |

**VERIFIED COMPLAINT IN ADMIRALTY**
***IN PERSONAM* AND *IN REM***
**FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, CARL & SUSAN CLARK, by and through undersigned counsel, and hereby file this civil action for damages against the Defendants, FRANCIS M. DEINER, FRANCIS METALS COMPANY, INC. and the M/V WINGLESS ANGEL, and in furtherance thereof, state the following is true and correct:

JURISDICTION AND VENUE

1.    This is an action within the admiralty and maritime jurisdiction of this Court and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, CARL AND SUSAN CLARK (collectively "THE CLARKS"), were and still are residents of New Jersey residing at 34 Carolina Drive, Long Beach Township, within the Camden Vicinage.

3. At all material times, FRANCIS M. DEINER ("DEINER"), is and was a resident of New Jersey residing at Seaside Park.

4. At all material times, the M/V WINGLESS ANGEL, a thirty-five (35) foot 2003 Henriques Yacht, bearing Official USCG Doc. No. 1267911 with twin in-board diesel engines of 880 total horsepower and her apparel, appurtenances, etc., which is now and will be during the pendency of these proceedings, in the territorial waters of New Jersey and the Camden vicinage and/or within the jurisdiction of this Honorable Court.

5. At all material times, FRANCIS METALS COMPANY, INC., which also operates under the name Francis Cable Systems ("FRANCIS METALS"), is and was a company organized and existing under the laws of the state of New Jersey with a principal place of business in Lakewood, New Jersey.

6. This is a cause of action arising from a maritime tort which occurred on navigable waters off the New Jersey shoreline in Barnegat Bay.  The bay connects with the ocean through the Barnegat Inlet. The bay is part of the Atlantic Intracoastal Waterway, entered on its north end by the Point Pleasant Canal and connecting on the south end with Little Egg Harbor via the small Manahawkin Bay. Barnegat Bay is a navigable waterway.

7. This is a cause cognizable within the admiralty and maritime jurisdiction of this Honorable Court as well as this Court's jurisdiction under 28 U.S.C. § 1331, and pursuant to   46 U.S.C. § 31341 et. seq., previously known as the Federal Maritime Lien Act.

8. THE CLARKS invoke the maritime procedure specified in Federal Rule of Civil Procedure 9(h) and the Supplemental Rules for Certain Admiralty and Maritime Claims, particularly Rule C thereof.

9. All conditions precedent for filing and maintaining this action have been fulfilled, performed, and/or waived.

## BACKGROUND

10. At all material times, DEINER is and was the registered owner of the M/V WINGLESS ANGEL.

11. At all material times, upon information and belief, DEINER and FRANCIS METALS were the demise charterers and/or owners *pro hac vice* of the M/V WINGLESS ANGEL, responsible for manning the M/V WINGLESS ANGEL, responsible for supplying the M/V WINGLESS ANGEL, and responsible for navigating the M/V WINGLESS ANGEL, at their own expense and by their own procurement.

12. At all material times, upon information and belief, DEINER and FRANCIS METALS operated the M/V WINGLESS ANGEL as partners, agents of each other and/or as a joint venture.

13. DEINER and FRANCIS METALS, upon information and belief, owned and/or operated the M/V WINGLESS ANGEL on the May 19, 2016 voyage originating from Holiday Harbor, New Jersey on the M/V WINGLESS ANGEL and were each jointly responsible for supplying all of its equipment, appurtenances, captain and crew related to, and necessary for, the operation of said voyage.

14. DEINER and FRANCIS METALS, upon information and belief, each offered, arranged for, sponsored, recommended, cooperated, and/or managed the May 19, 2016 voyage from the navigable waters near Holiday Harbor, New Jersey into Barnegat Bay.

15. On or about May 19, 2016, CARL CLARK was a passenger on board the M/V WINGLESS ANGEL operated by DEINER, departing from Holiday Harbor, New Jersey.

16. At all material times, DEINER made representations to CARL CLARK that the voyages would be safe and the vessel would be operated with a reliable captain at the helm.

17. At all times material hereto, DEINER and FRANCIS METALS, owed a non-delegable duty of reasonable care under the circumstances for the health, welfare, and safety of its passengers, including, CARL CLARK and to warn of dangers known or reasonably discoverable to DEINER and FRANCIS METALS.

18. At all times material hereto, DEINER and FRANCIS METALS, knew or should have known that DEINER, was unfit to act as captain of the M/V WINGLESS ANGEL making the vessel unseaworthy and dangerous.

19. At all times material hereto, DEINER and FRANCIS METALS, knew or should have known that DEINER had a history of negligently operating vessels.

20. On May 19, 2016, DEINER and FRANCIS METALS breached their non-delegable duty owed to passengers, including CARL CLARK, of using reasonable care under the circumstances for the health, welfare, and safety of those passengers who participated in the subject voyage or voyage.

21. On May 19, 2016, while operating the M/V WINGLESS ANGEL at an excessive speed outside of the clearly marked channel, DEINER ran the yacht hard aground on a sand bar without warning to CARL CLARK which caused the vessel to come to an instantaneous and

abrupt stop, catapulting CARL CLARK forward into the flying bridge structural supports, console and windshield which he impacted with his head, face, shoulders and neck.

22. CARL CLARK suffered severe injuries and was removed from the scene by the United States Coast Guard, transported to a trauma unit and was hospitalized.

23. The incident required the United States Coast Guard and New Jersey Marine Police to respond and had a disruptive impact on maritime commerce in the navigable Barnegat Bay.

## COUNT I
## MARITIME LEIN AGAINST M/V WINGLESS ANGEL

The Plaintiffs, re-allege, adopt, and incorporate by reference the contents of paragraphs one (1) through twenty-three (23) above as through originally stated herein and further aver:

24. At all times material, CARL CLARK was on board the M/V WINGLESS ANGEL while it was being operated in navigable waters.

25. While being operated in navigable waters, CARL CLARK was seriously injured by the negligence of the M/V WINGLESS ANGEL.

26. The negligence of the M/V WINGLESS ANGEL gives rise to a maritime lien in favor of CARL CLARK for damages suffered as a result of the maritime tort.

27. Pursuant to Supplemental Admiralty Rule C, THE CLARKS pray that the court:

a. immediately issue a warrant for the arrest of the M/V WINGLESS ANGEL;

b. notify all persons claiming any interest in the M/V WINGLESS ANGEL and order them to appear and answer the matters aforesaid;

c. enter judgment in rem against the M/V WINGLESS ANGEL in favor of THE CLARKS for the full value of the M/V WINGLESS ANGEL;

d.	award to plaintiff court costs, and other costs reasonably incurred in this action (including but not limited to fees for substitute custodian, dockage, and insurance required by the U.S. Marshal Service);

e.	enter judgment declaring that plaintiff has a valid and existing maritime lien on the M/V WINGLESS ANGEL for the full value of the vessel, which is senior to any other liens or claims whatsoever, except any preferred maritime liens which may be asserted against the M/V WINGLESS ANGEL and so proved in this action, and granting plaintiff a judgment in rem against the M/V WINGLESS ANGEL; together with other costs reasonably incurred in this action (including but not limited to fees for substitute custodian, dockage, and insurance required by the U.S. Marshal Service);

f.	order that the M/V WINGLESS ANGEL be sold by the U.S. Marshal to pay and satisfy said judgment in full, subject to valid and existing preferred liens; and

g.	award such other and further relief as the court deems just and proper.

COUNT II
NEGLIGENCE AGAINST DEINER and FRANCIS METALS

The Plaintiffs, re-allege, adopt, and incorporate by reference the contents of paragraphs one (1) through twenty-seven (27) above as through originally stated herein and further aver:

28.	At all times material, DEINER and FRANCIS METALS, owned and operated the vessel with respect to the subject voyage or voyage.

29.	DEINER and FRANCIS METALS owed a non-delegable duty of reasonable care under the circumstances for the health, welfare, and safety of those passengers participating in the subject voyage.

30. On or about May 19, 2016, DEINER and FRANCIS METALS, and/or its agents, servants, joint venturers, partners, and/or employees, breached its duty to provide CARL CLARK, with reasonable care under the circumstances and were negligent and careless by committing the following acts and/or omissions, including but not limited to:

a. Failing to provide a safe vessel voyage or voyage;

b. Failing to provide a vessel voyage or voyage with proper and safe equipment and fit personnel;

c. Failing to adequately train, monitor, and supervise the subject vessel to ensure that it had all the necessary equipment to allow the passengers to have a reasonably safe means to participate in the voyage;

d. Failing to properly and adequately inspect, investigate, screen, select, and retain the services of suitable captains, to ensure it was operating and running as a reasonably safe vessel;

e. Failing to adequately monitor, supervise, and audit the ongoing operations of its vessel to ensure it was using safe, proper and appropriate equipment, properly trained and competent personnel, and proper and safe procedures to provide a reasonably safe vessel for its passengers participating in this operation;

f. Operating and allowing a vessel to proceed and/or continue under hazardous conditions, including an incompetence on the part of DEINER, which posed an unreasonable risk of injury to CARL CLARK;

g. Assuring passengers, including CARL CLARK, that all aspects and conditions of the subject vessel and voyage were reasonably safe and appropriate for them, when in fact they were not;

h. Failing to ensure that properly trained and supervised persons operated the subject vessel;

i. Having a vessel on a voyage that was not competently or properly operated;

j. Failing to implement a method of operation which was reasonable and safe, and which would prevent the creation of a dangerous condition;

k. Failing to properly, adequately, and competently test and/or audit the equipment, and the captain was responsible for navigation, operation, and oversight of all passengers aboard the subject vessel voyage; and

l. Failing to mandate that the vessel be maintained and operated by qualified and competent personnel.

31. At all times material, DEINER and FRANCIS METALS failed to determine the hazards that the subject operations posed to CARL CLARK, failed to eliminate the hazards, failed to modify the hazards, and/or failed to properly warn CARL CLARK, of the hazards. All of the above directly and proximately caused CARL CLARK, to be seriously injured.

32. DEINER and FRANCIS METALS, knew, or should have known, of the foregoing conditions causing the injuries to CARL CLARK and did not warn against them or correct them, or the conditions existed for a sufficient length of time so that DEINER and FRANCIS METALS, failed to exercise reasonable care under the circumstance as they should have learned of them, and corrected them.

33. As a direct and proximate result of DEINER and FRANCIS METALS's negligence, CARL CLARK, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a

normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT III:
## NEGLIGENCE AGAINST DEINER

The Plaintiffs, re-allege, adopt, and incorporate by reference the contents of paragraphs one (1) through thirty-three (33) above as through originally stated herein and further aver:

34.     DEINER, owed a duty to exercise reasonable care under the circumstances for the health, welfare, and safety, of the participants and passengers on board the vessel during the subject voyage, including CARL CLARK.

35.     On or about May 19, 2016, DEINER, breached his duty to exercise reasonable care for the safety of CARL CLARK, under the circumstances and was negligent and careless by committing one or more of the following acts and/or omissions including, but not limited to the following:

a.     Failing to provide a safe voyage;

b.     Failing to timely warn CARL CLARK, of the dangers and obstacles that would be and were encountered during the subject voyage;

c.     Failing to following safety policies and procedures applicable to the proper operation of the vessel during the subject voyage;

d.     Failing to follow industry policies and/or procedures for the proper operation of the vessel during the subject voyage;

e.     Failing to adhere to the U.S. Coast Guard rules and regulations for a master of a vessel;

f.     Failing to adhere to the New Jersey State Police, Marine Services Bureau, rules and regulations for the operation of a vessel in the area where the incident occurred;

g.  Operating the subject vessel on the subject voyage in violation of U.S. and/or New Jersey Statutes, and

h.  In other manners not yet known at the present time, which will be uncovered and/or revealed during discovery.

36.  As a direct and proximate result of DEINER's negligence, CARL CLARK, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT IV:
## STATUTORY CLAIM AGAINST DEINER & M/V WINGLESS ANGEL

The Plaintiffs, re-allege, adopt, and incorporate by reference the contents of paragraphs one (1) through thirty-six (36) above as through originally stated herein and further aver:

37.  DEINER and M/V WINGLESS ANGEL, owed a statutory duty to CARL CLARK, in their capacity as vessel owner, the vessel's master, and the vessel itself for personal injuries caused by a failure to comply with inspection standards or manning requirements or by a known defect in the vessel. 46 U.S.C. § 30102.

38.  On or about May 19, 2016, DEINER and M/V WINGLESS ANGEL, breached their duty to exercise reasonable care for the safety of CARL CLARK for all the reasons set forth above.

39.     As a direct and proximate result of DEINER's and M/V WINGLESS ANGEL's negligence, CARL CLARK, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT V
## LOSS OF CONSORTIUM

The Plaintiffs, re-allege, adopt, and incorporate by reference the contents of paragraphs one (1) through thirty-nine (39) above as through originally stated herein and further aver:

40.     At the time of the incident complained of in the Plaintiffs' Complaint, the Plaintiffs were married and that the Plaintiffs continue to be married.

41.     As a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

42.     SUSAN CLARK has been deprived of the services of her husband, CARL CLARK, his companionship, support, love, affection and consortium, as well as all facilities and domiciliary happiness normally enjoyed in normal marriage.

43.     As a result of the incident complained of, SUSAN CLARK became the primary

caregiver. She was required to assist her husband with tasks that he finds substantially more difficult due to his extensive injuries. The injuries have completely changed the life of THE CLARKS.

44.    All the injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, Plaintiffs, THE CLARKS, sue the Defendants, FRANCIS M. DEINER, FRANCIS METALS COMPANY, INC. and the M/V WINGLESS ANGEL, and demand judgment for all damages recoverable under the law against Defendants, including but not limited to compensatory damages, statutory damages, special damages, punitive damages, and demands trial by jury of all issues triable as a right by a jury.

Respectfully submitted,

GELLERT SCALI BUSENKELL & BROWN LLC

BY: /s/ Gary F. Seitz
Gary F. Seitz
GS1409
The Curtis Center
601 Walnut Street, Suite 750 West
Philadelphia, PA 19106
215-238-0011
Gseitz@ gsbblaw.com

Attorneys for Carl and Susan Clark

INSTRUCTIONS TO CLERK:
Please withhold process on vessel
pending further instructions.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE – IN ADMIRALTY

| | | |
|---|---|---|
| CARL CLARK and SUSAN CLARK | : | |
| (h/w) Plaintiffs, | : | Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| FRANCIS M. DEINER, | : | |
| FRANCIS METALS COMPANY, INC., | : | |
| M/V WINGLESS ANGEL, a thirty-five | : | |
| (35) foot, 2003 Henriques Yacht, bearing | : | |
| Official USCG Doc. No. 1267911 with | : | |
| Twin in-board diesel engines of 880 hp and | : | |
| her apparel, appurtenances, etc., *in rem*, | : | |
| | : | |
| Defendants | : | |

## **VERIFICATION**

CARL CLARK, being duly sworn, deposes and says:

    1. I am the Plaintiff herein, and this AFFIDAVIT/VERIFICATION is made in this capacity.

    2. I have read the foregoing Verified Complaint and advise that the contents are true and correct, except as to those matters therein stated upon information and belief.

    3. The sources of my information and the grounds of my belief as to all matters stated in the Complaint are based on my personal knowledge.

    4. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May _18__, 2018.

                                                    /s/ Carl Clark

                                                    _____

                                                    Carl Clark